UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD J. GIORDANO,

                    Plaintiff,

- against -

COHEN & SLAMOWITZ, LLP,

                    Defendant.



ECF Case

Jury Trial Demanded

COMPLAINT

Case No. 08-cv-5502 (GEL)

    Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, and brings this Complaint against the above-named Defendant, and in support thereof alleges the following:

## PRELIMINARY STATEMENT

    1.    This is an action for statutory damages, costs and attorney's fees brought by the Plaintiff, Ronald J. Giordano ("Plaintiff"), an individual consumer, against the Defendant, Cohen & Slamowitz, LLP ("Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

    2.    Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

    3.    This court has supplemental jurisdiction over any state law causes of action pursuant to 28 U.S.C. § 1367(a).

    4.    Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

5. The Plaintiff, Ronald J. Giordano, is a natural person residing in Bronx County, New York. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Based upon information and belief, the Defendant, Cohen & Slamowitz, LLP, is a New York limited liability partnership with its principal place of business located at 199 Crossways Park Drive, Woodbury, New York 11797.

7. The Defendant is a law firm engaged in the business of collecting debts. The Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. On or about May 7, 2008, the Defendant, in an attempt to collect a consumer debt, sent the Plaintiff a letter (the "Letter") informing him that a judgment was entered against him (A copy of the Letter is attached as Exhibit "A").

9. Prior to receiving the Letter, the Plaintiff was not aware that the Defendant had initiated a lawsuit against him in Civil Court of the City of New York, County of Bronx ("Bronx Civil Court").

10. After receiving the Letter, the Plaintiff went to the Bronx Civil Court and learned that the Defendant had actually instituted two lawsuits against him, Index No. 96504/07 and 96505/07.

11. The Defendant also obtained copies of the Affidavits of Service that the Defendant filed with the Bronx Civil Court wherein the Defendant's agent swore under oath that he served the Plaintiff with a copy of the summons and complaint in both matters. (A copy of the Affidavits of Service are attached as Exhibit "B").

11. The Affidavits of Service, sworn to under oath by the Defendant's agent, Chris J. Pszczola ("Pszczola"), contain several false statements.

12. For example, Pszczola claims that he attempted to serve the Plaintiff at his residence located at 4216 Throgs Neck Expy (the "Premises") on December 18, 2007 at 7:43 p.m.

13. Pszczola did not attempt to serve the Plaintiff on December 18, 2007 at 7:43 p.m.

14. Next, Pszczola claims that he attempted to serve the Plaintiff at the Premises on December 19, 2007 at 6:59 a.m.

15. Pszczola did not attempt to serve the Plaintiff on December 19, 2007 at 6:59 a.m.

16. Pszczola also claims that he attempted to serve the Plaintiff at the Premises on December 26, 2007 at 2:59 p.m. and ultimately affixed a copy of the summons and complaint to the Plaintiff's door.

17. Pszczola did not attempt to serve the Plaintiff on December 26, 2007 at 2:59 p.m. nor did Pszczola affix a copy of the summons and complaint to the Plaintiff's door.

18. Lastly, Pszczola claims that he spoke to a neighbor "John Doe" and he confirmed that the Plaintiff was not in the military service.

19. Based upon information and belief, Pszczola did not speak to a neighbor who confirmed that the Plaintiff was not in the military.

20. Although the Plaintiff was not served with the summons and complaint in either matter, on January 8, 2008, the Defendant filed Affidavits of Service with the Bronx Civil Court representing that the Plaintiff had been served.

21. Based on the false representations contained in the Affidavits of Service, the Defendant obtained two default judgments against the Plaintiff.

## COUNT I

22. The Plaintiff restates and reiterates herein all previous paragraphs.

23. The Defendant violated the FDCPA on January 8, 2008 by filing an Affidavit of Service that contained false representations with the Bronx Civil Court regarding Index No. 96504/07.

24. The Defendant's conduct violated the FDCPA because the use of false representations in order to collect a debt is prohibited by 15 U.S.C. § 1692(e)(10).

25. The Defendant's conduct violated the FDCPA because the Defendant engaged in unfair or unconscionable conduct in order to collect a debt as prohibited by 15 U.S.C. §1692f.

26. As a result of the foregoing violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, costs and attorney's fees.

## COUNT II

27. The Plaintiff restates and reiterates herein all previous paragraphs.

28. The Defendant violated the FDCPA on January 8, 2008 by filing an Affidavit of Service that contained false representations with the Bronx Civil Court regarding Index No. 96505/07.

29. The Defendant's conduct violated the FDCPA because the use of false representations in order to collect a debt is prohibited by 15 U.S.C. § 1692(e)(10).

30. The Defendant's conduct violated the FDCPA because the Defendant engaged in unfair or unconscionable conduct in order to collect a debt as prohibited by 15 U.S.C. §1692f;

31. As a result of the foregoing violation of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, costs and attorney's fees.

## COUNT III

32. The Plaintiff restates and reiterates herein all previous paragraphs.

33. New York GBL § 349 prohibits deceptive acts or practices in the conduct of any business trade or commerce or in the furnishing of any service in New York State.

34. Making false statements regarding service of process in order to collect a debt is deceptive and misleading in a material respect.

35. Filing a false Affidavit of Service in Civil Court in order to collect a debt is deceptive and misleading in a material respect.

36. As a result of the Defendants' deceptive and misleading acts the Plaintiff has been injured.

37. Defendants' acts and practices described above are likely to mislead a reasonable consumer acting reasonably under the circumstances.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A. Statutory damages pursuant to U.S.C. § 1692k;

B. Statutory damages pursuant to GBL § 349;

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k and GBL § 349; and

D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       June 18, 2008

                              Respectfully submitted,

                              RANDALL S. NEWMAN, P.C.

By:   /s/ Randall S. Newman
                              Randall S. Newman, Esq. (RN7862)
                              40 Wall Street, 61st Floor
                              New York, NY 10005
                              Tel: (212) 797-3737

                              *Attorney for Plaintiff,*
                              *Ronald J. Giordano*

# EXHIBIT A

P 01

## Law Offices

## Cohen & Slamowitz, LLP

(516) 686-8950  
Fax 516 364-6067

P.O. Box 9004  
Woodbury, NY 11797-9004

May 7, 2008

RONALD J GIORDANO  
4216 THROGGS NECK EXPY  
BRONX NY 10465-3703

      Re:    Creditor: HSBC BANK NEVADA, N.A. AS SUCC TO DIRECT MERCHANTS  
           Judgment Debtor: RONALD J GIORDANO  
           C&S File No.: N208982  
           Index No.: 96504/07  
           Judgment Balance Due: $2,314.48

Dear RONALD J GIORDANO:

Please be advised that a judgment was entered in connection with the above referenced matter. Please be advised that we shall be commencing judgment enforcement proceedings immediately.

### Notice to Judgment debtor

"Money or property belonging to you may have been taken or held in order to satisfy judgments. State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:
Supplemental security income (ssi), social security, public assistance (welfare), alimony or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, and veterans benefits.
If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.
Also, you may consult an attorney, including legal aid if you qualify. The law (new york civil practice law and rules, article 4 and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption."

                                          Cohen & Slamowitz, LLP  
                                          By: David A. Cohen, Esq./Mitchell G. Slamowitz, Esq.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

 

# EXHIBIT B

P 02

# AFFIDAVIT OF SERVICE

**CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF BRONX**
**COUNTY OF BRONX**

Index #: 96504/07
Date Purchased: December 14, 2007
Date Filed: _____
Court Date: _____

ATTORNEY(S): THE LAW OFFICES OF COHEN & SLAMOWITZ   PH: 516-364-6006
ADDRESS: 199 CROSSWAYS PARK DRIVE WOODBURY, NY 11797   File No.: N208982

**HSBC BANK NEVADA, N.A. AS SUCCESSOR IN INTEREST TO DIRECT MERCHANTS CREDIT CARD BANK, N.A.**
vs.
**RONALD J GIORDANO A/K/A RONALD J GIORDANO SR**

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

STATE OF NEW YORK, COUNTY OF NASSAU   SS.:

CHRIS J. PSZCZOLA, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On December 26, 2007 at 2:59 PM at 4216 THROGGS NECK EXPY, BRONX, NY 10465-3703 (PRIVATE HOUSE), deponent served the within SUMMONS AND COMPLAINT with Index Number 96504/07, and Date Filed _____ endorsed thereon,

on: RONALD J GIORDANO A/K/A RONALD J GIORDANO SR, Defendant therein named.

**#1 INDIVIDUAL** [ ]  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2 CORPORATION** [ ]  By delivering to and leaving with _____ and that deponent knew the person so served to be Managing Agent of the corporation, and authorized to accept service on behalf of the corporation.

*Service was made in the following manner after your deponent was unable, with due diligence, to serve the witness/defendant in person, and an attempt to locate the defendant's place of employment.*

**#3 SUITABLE AGE PERSON** [ ]  By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business  [ ] dwelling house (usual place of abode) within the state.

**#4 AFFIXING TO DOOR** [X]  By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [X] dwelling house (place of abode) within the state.

**#5 MAIL COPY** [X]  On December 27, 2007, deponent completed service under the last two sections by depositing a copy of the SUMMONS AND COMPLAINT to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. Certified Mail No. _____

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on the 18 day of December, 2007 at 7:43 PM
on the 19 day of December, 2007 at 6:59 AM
on the 26 day of December, 2007 at 2:59 PM
on the ___ day of _____ at _____

**#6 NON-SRVC** [ ]  After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown at Address  [ ] Evading  [ ] Moved left no forwarding  [ ] Address does not exist  [ ] Other: _____

**#7 DESCRIPTION** [ ] (use with #1, 2 or 3)  A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows: Sex ___ Color of skin ___ Color of hair ___ Age ___ Height ___ Weight ___ Other Features: _____

**#8 WIT_FEE** [ ]  the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#9 MILITARYSRVC** [X]  As information as to military status of the subject was unavailable or refused at the time of service, a search of the U.S. Dept. of Defense Manpower Data Center database was performed. Upon information and belief, based on the results of said search, said individual is not currently active in the military service.

**#10 OTHER** [X]  ADDRESS CONFIRMED WITH NEIGHBOR "JOHN DOE"

Sworn to before me on this 27 day of December, 2007

BARBARA A. SHURGIN
NOTARY PUBLIC, State of New York
No 30-5004737, Qualified in Nassau County
Commission Expires November 23, 2010

CHRIS J. PSZCZOLA
Server's Lic # 1218683
Invoice•Work Order # 0758313

CAPITAL PROCESS SERVERS, INC. 265 POST AVENUE SUITE 150, WESTBURY, NY 11590 - TEL 516-333-6380 • FAX 516-333-6382

P 01

# AFFIDAVIT OF SERVICE

**CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF BRONX**
**COUNTY OF BRONX**

Index #: 96505/07
Date Purchased: December 14, 2007
Date Filed: _____
Court Date: _____

ATTORNEY(S): THE LAW OFFICES OF COHEN & SLAMOWITZ    PH: 516-364-6006
ADDRESS: 199 CROSSWAYS PARK DRIVE WOODBURY, NY 11797    File No.: N208975

*HSBC BANK NEVADA, N.A. AS SUCCESSOR IN INTEREST TO DIRECT MERCHANTS CREDIT CARD BANK, N.A.*
vs.
*RONALD J GIORDANO A/K/A RONALD J GIORDANO SR*

Plaintiff(s)/Petitioner(s)
Defendant(s)/Respondent(s)

STATE OF NEW YORK, COUNTY OF NASSAU    SS.:

___CHRIS J. PSZCZOLA___, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On December 26, 2007 at 2:59 PM at 4216 THROGGS NECK EXPY, BRONX, NY 10465-3703 (PRIVATE HOUSE), deponent served the within **SUMMONS AND COMPLAINT** with Index Number 96505/07, and Date Filed _____ endorsed thereon, on: **RONALD J GIORDANO A/K/A RONALD J GIORDANO SR**, Defendant therein named.

**#1 INDIVIDUAL** [ ] By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2 CORPORATION** [ ] By delivering to and leaving with _____ _____ and that deponent knew the person so served to be Managing Agent of the corporation, and authorized to accept service on behalf of the corporation.

*Service was made in the following manner after your deponent was unable, with due diligence, to serve the witness/defendant in person, and an attempt to locate the defendant's place of employment.*

**#3 SUITABLE AGE PERSON** [ ] By delivering a true copy of each to _____ _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

**#4 AFFIXING TO DOOR** [X] By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [X] dwelling house (place of abode) within the state.

**#5 MAIL COPY** [X] On December 27, 2007, deponent completed service under the last two sections by depositing a copy of the **SUMMONS AND COMPLAINT** to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. Certified Mail No. _____

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on the 18 day of December, 2007 at 7:43 PM
on the 19 day of December, 2007 at 6:59 AM
on the 26 day of December, 2007 at 2:59 PM
on the ___ day of _____ at _____

**#6 NON-SRVC** [ ] After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown at Address [ ] Evading [ ] Moved left no forwarding [ ] Address does not exist [ ] Other: _____

**#7 DESCRIPTION** [ ] A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3) Sex ___ Color of skin ___ Color of hair ___ Age ___ Height ___ Weight ___ Other Features: ___

**#8 WIT. FEES** [ ] the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#9 MILITARYSRVC** [X] As information as to military status of the subject was unavailable or refused at the time of service, a search of the U.S. Dept. of Defense Manpower Data Center database was performed. Upon information and belief, based on the results of said search, said individual is not currently active in the military service.

**#10 OTHER** [X] ADDRESS CONFIRMED WITH NEIGHBOR "JOHN DOE".

Sworn to before me on this 27 day of December, 2007

BARBARA A. SHURGIN
NOTARY PUBLIC, State of New York
No. 30-5004737, Qualified in Nassau County
Commission Expires November 23, 2010

CHRIS J. PSZCZOLA
Server's Lic # 1218683
Invoice•Work Order # 0758312